Paul Halverson, Dr. PH, FACHE Director and State Health Officer Arkansas Department of Health 4815 West Markham Street Little Rock, Arkansas 72205-3867
Dear Dr. Halverson:
I am writing in response to your request for an opinion on a question that I will paraphrase as follows:
 Will information that is shared with the Arkansas Department of Health ("ADH") from the database of the U.S. Department of Health and Human Services Division of Select Agents and Toxins ("DSAT") and kept in the Arkansas Biological Agent Registry be subject to disclosure under the Arkansas Freedom of Information Act ("FOIA"), A.C.A. § 25-19-101 et seq.?
As background for your question, you report that the Director of DSAT has indicated that information about the location of facilities that possess select agents may help Arkansas prepare for an event involving the release of a select agent. You further report that "[t]he DSAT is prepared to share information in its database with ADH if certain conditions are met." Specifically, the DSAT wants to be assured that the information shared from the DSAT database can be protected from further release under the Arkansas FOIA. You state that the information would be kept in the Biological Agent Registry that was created by the Arkansas Biological Agent Registry Act, A.C.A. §§ 20-36-101 — 105. You further note a specific provision in the Biological Agent Registry Act that you believe may exempt the information from disclosure under the FOIA. *Page 2 
RESPONSE
In my opinion, the answer to your question turns on the Arkansas Freedom of Information Act ("FOIA"), not the Arkansas Biological Agent Registry Act. This latter act states that "information prepared for or maintained in the registry under this section shall be confidential and shall not be a public record under the Freedom of Information Act of 1967, § 25-19-101 et seq." A.C.A. § 20-36-103(c)(1) (Repl. 2005) (emphasis added). It seems clear from the emphasized language that this provision applies to information that must be reported or that is otherwise maintained in the Arkansas biological agent registry pursuant to this state law. See, e.g., A.C.A. § 20-36-101(b) (requiring the registry to "identify the biological agents possessed and maintained by any person in this state. . . ."). This plainly would not include the federal database information at issue.
It must also be noted that because the Arkansas FOIA controls access to public records, not information, it is difficult to definitively address your question concerning "information that is shared . . . from the [DSAT] database" without knowing precisely what record[s] may be at issue. I can do no more than opine that a record of the DSAT that is kept by the ADH will, in my opinion, be exempt from disclosure under the Arkansas FOIA if it is covered by a federal exemption.
This conclusion follows from A.C.A. § 25-19-105(a)(1)(A) (Supp 2007), the so-called "catch-all" exemption under the Arkansas FOIA which provides:
 Except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records.
(Emphasis added).
As stated in J. Watkins R. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press, 4th ed. 2004) at 16, this provision is "broad enough to include federal statutes requiring that certain records be kept confidential. . . ." As further noted by these commentators:
 The Attorney General has opined that federal disclosure exemptions are laws "specifically enacted to provide otherwise" within the *Page 3 
meaning of Ark. Code Ann. § 25-19-105(a). Ark. Op. Att'y Gen. Nos. 96-363, 94-265. Thus, a federal agency record in the possession of a state agency is exempt from disclosure under the Arkansas FOIA if it is exempt under the federal act and the federal agency invokes the exemption. Ark. Op. Att'y Gen. 94-265 ("draft notice of violation" received by Arkansas Department of Pollution Control Ecology from Environmental Protection Agency fell within federal exemption for agency memoranda, and the EPA's invocation of that exemption "triggers the applicability of the state FOIA's exemption for records which are exempted by `laws specifically enacted to provide otherwise'").
Id., n. 47 (emphasis added).
I believe it is clear from this excerpt that subsection 25-19-105(a)(1)(A)'s applicability depends initially upon the existence of a federal agency record. You have stated that the DSAT is contemplating sharing certain information with the ADH, but without knowing exactly how that information is to be shared, and more particularly what actual record[s] may be involved, I am limited in my ability to fully address the Arkansas FOIA's catch-all exemption.
With regard, however, to a possible federal exemption, I note that42 U.S.C. § 262a(h) specifically prohibits the Department of Health and Human Services, among other federal agencies, from disclosing the "national database" developed pursuant to subsection 262a(d), [1] "or any other compilation of the registration or transfer information. . . ." 42 U.S.C. § 262a(h)(1)(B) (2008).[2] If your question has *Page 4 
reference to this database, I will note that this federal exemption respecting the registration of biological agents and toxins in my opinion clearly constitutes a law "specifically enacted" to provide for exemption of documents from public disclosure, for purposes of A.C.A. § 25-19-105(a)(1)(A).
Again, however, this catch-all exemption under the Arkansas FOIA applies to "documents;" and more specifically, I believe it applies to documents prepared by a federal agency and sent to a state agency.See Watkins Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT,supra, at 249, n. 509. Your question anticipates that the DSAT would share information that would be kept in the Arkansas biological agent registry. As indicated above, maintaining the information in the Arkansas "biological agent registry," A.C.A. § 20-36-101(b), will not, in my opinion, alone ensure that a record of the information will be exempt from public disclosure under the Arkansas FOIA. See n. 1,supra. However, if DSAT provided the ADH with a copy of the above-referenced database or another record that is exempt under42 U.S.C. § 262a(h), I believe such record would be exempt from disclosure under the Arkansas FOIA when in the possession of the ADH.
In sum, a record of the DSAT that is kept by the ADH will, in my opinion, be exempt from disclosure under the Arkansas FOIA if it is covered by a federal exemption. *Page 5 
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] Subsection 262a(d) states in pertinent part that "[t]he Secretary shall maintain a national database that includes the names and locations of registered persons, the listed agents and toxins such persons are possessing, using, or transferring, and information regarding the characterization of such agents and toxins." 42 U.S.C. § 262a(d)(2) (2008).
[2] Subsection 262a(h)(1) states in full:
(h) Disclosure of information
 (1) Nondisclosure of certain information
 No Federal agency specified in paragraph (2) shall disclose under section 552 of title 5 [the federal Freedom of Information Act] any of the following:
 (A) Any registration or transfer documentation submitted under subsections (b) and (c) of this section for the possession, use, or transfer of a listed agent or toxin; or information derived therefrom to the extent that it identifies the listed agent or toxin possessed, used, or transferred by a specific registered person or discloses the identity or location of a specific registered person.
 (B) The national database developed pursuant to subsection (d) of this section, or any other compilation of the registration or transfer information submitted under subsections (b) and (c) of this section to the extent that such compilation discloses site-specific registration or transfer information.
 (C) Any portion of a record that discloses the site-specific or transfer-specific safeguard and security measures used by a registered person to prevent unauthorized access to listed agents and toxins.
 (D) Any notification of a release of a listed agent or toxin submitted under subsections (b) and (c) of this section, or any notification of theft or loss submitted under such subsections.
 (E) Any portion of an evaluation or report of an inspection of a specific registered person conducted under subsection (f) of this section that identifies the listed agent or toxin possessed by a specific registered person or that discloses the identity or location of a specific registered person if the agency determines that public disclosure of the information would endanger public health or safety.
42 U.S.C. § 262a(h) (2008).